## WARNER v. MATHEWS, *District Judge.*

No. A-2166.    Opinion Filed October 10, 1914.

(143 Pac. 516.)

1.    **PROHIBITION—Grounds—Want of Jurisdiction.** The Criminal Court of Appeals will issue a writ of prohibition to prohibit a district court from proceeding in a criminal action of which it has no jurisdiction, and of which the county court has exclusive jurisdiction.

2.    **CLERKS OF COURTS—Criminal Law—Failure to Pay Over Fees to County—Procedure—Nature of Offense—What Law Governs— Jurisdiction.** The Penal Code provides (Rev. Laws 1910, sec. 2092): "If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense, or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code." **Held** that, in a prosecution against a district court clerk for failing and refusing to pay fees charged and collected as clerk's costs into the county treasury, the specific provision of the fees and salaries act (section 3213, Rev. Laws 1910) must gov-

ern as against provisions of the Penal Code. **Held**, further, that when the alleged amount of fees embezzled is $20 or less, the information charges only a misdemeanor, of which the county court has exclusive jurisdiction.

(Syllabus by the Court.)

Application of E. J. Warner for writ of prohibition to the District Court of Blaine County and Hon. Frank Mathews, Special Judge, to prohibit further proceedings on certain informations filed against petitioner. Writ awarded.

*Wm. O. Woolman,* for petitioner.

*C. J. Davenport,* Asst. Atty. Gen., *A. L. Bloss,* Co. Atty., *Seymour Foose,* and *R. C. Brown,* for respondents.

DOYLE, J. This is an application for a writ of prohibition to prohibit the district court of Blaine county, and Hon. Frank Mathews, as judge thereof, from proceeding further in the trial of three informations filed in said district court, in each of which petitioner is charged as clerk of the district court of Blaine county with the crime of embezzlement of fees alleged to be due from him to said county as such clerk. One of said informations (omitting formal parts) is as follows:

"In the name and by the authority of the state of Oklahoma, now comes A. L. Bloss, county attorney in and for the county and state aforesaid, and gives the court to know and be informed that one E. J. Warner at all times from the 9th day of January, A. D. 1911, until the 6th day of December, A. D. 1912, was the duly elected, duly qualified, and acting clerk of the district court of Blaine county, state of Oklahoma, and in said county and state, on or about the 15th day of November, A. D. 1912, the sum of five dollars good and lawful money of the United States, and of the value of five dollars, the property of and owned by one Bessie Wallace, was intrusted by the said Bessie Wallace, by and through Amanda Mannen, to the said E. J. Warner in virtue of his said office as clerk of said district court in the civil action then pending in said court after judgment, wherein the said Bessie Wallace was plaintiff and Winfield C. Wallace was defendant, and numbered on said clerk's docket 2106, which said money was so intrusted to the said E. J. Warner, and then and there was received and accepted by, and came into the possession and under the control of, the said

E. J. Warner in virtue of his said office as clerk of said district court, for the purpose of being disbursed and applied by the said E. J. Warner as such clerk to the payment in full of all the costs of said civil action, which costs amounted to the sum of five dollars, and consisted entirely of fees· earned and charged and taxed by said E. J. Warner as such clerk as costs in said civil action, and due and payable and unpaid to said Blaine county, and not paid into the county treasury of said Blaine county and aggregating the sum of five dollars, and said sum of five dollars so intrusted to the said E. J. Warner as such clerk as aforesaid was then and there sufficient in amount to pay and satisfy in full all the costs of said civil action, and said civil action had been and was then and there finally determined, disposed of, and closed, except as to the matter of the payment of the costs therein, and it then and there became and was the duty of said E. J. Warner as such clerk of said court in said Blaine county, and at the time said money in said sum of five dollars was intrusted to him in virtue of his said office as aforesaid, to disburse and apply the same to such purpose and in fulfillment of such trust according, and to pay into the county treasury of said Blaine county said sum of five dollars so intrusted to him in virtue of his said office as aforesaid in payment and satisfaction and on account of said fees so earned and charged and taxed by the said E. J. Warner as such clerk as costs in said civil action, and due and payable and unpaid to said Blaine county, and aggregating the sum of five dollars as aforesaid; and thereafter, to wit, on or about the 3d day of December, A. D. 1912, in said Blaine county, state of Oklahoma, the said E. J. Warner did willfully, unlawfully, feloniously, and fraudulently appropriate to his own use and benefit, and to the use of other persons to the county attorney unknown, but other than those entitled thereto, the said sum of five dollars, good and lawful money of the United States, and of the value of five dollars, being then and there the said money in the sum of five dollars so intrusted to him, the said E. J. Warner, in virtue of his said office as clerk of said court as aforesaid, and the money due and payable and unpaid to said Blaine county by payment into the county treasury of said Blaine county as and on account of said fees so earned, charged, and taxed by the said E. J. Warner, as such clerk, as costs in said civil action, and aggregating the sum of five dollars as aforesaid—contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

"A. L. Bloss,
"County Attorney of Blaine County, State of Oklahoma."

The other two informations are the same in their general allegations. In one it is alleged that in the case of Whirlow v. Harrison *et al.*, numbered on said clerk's docket 1938, there was of the fees earned, charged, and taxed by said E. J. Warner, as such clerk, as costs in said civil action, payable and unpaid to Blaine county, and not paid into the county treasury of Blaine county, the sum of $10.30. In the other it is alleged that in the case of Seger v. Seger, numbered on said clerk's docket 2092, there was of the fees earned, charged, and taxed by said E. J. Warner as such clerk, as costs of said civil action, payable and unpaid to the said Blaine county, and not paid into the county treasury of said Blaine county, the sum of $5.70.

To each of these informations the defendant filed a motion to quash and interposed a demurrer thereto, on the ground that said district court had no jurisdiction of the offenses charged or attempted to be charged therein against this defendant, which motions and demurrers were overruled by the court. Thereupon the defendant entered pleas of not guilty, and the cases were duly assigned and set for trial in said court.

It is further averred in said petition:                    .

"That the said district court, and the said Hon. Frank Mathews, as the acting judge thereof, have no power or authority to hear, try, and determine the said charges and informations, and have no power or authority to assess or inflict any punishment in said causes and the said informations do not charge any offense the subject-matter of which is within the jurisdiction of said district court. That said charges and informations do not charge a felony, but only misdemeanors, and if triable at all are within the jurisdiction of the county court of Blaine county. That said informations are each and all of them void. That the proceedings and orders thereunder made by the said court and the said judge thereof are void, the holding of this petitioner to answer and to stand trial on said informations and charges in said court is illegal and absolutely void, and said proceedings are oppressive and unnecessarily vexatious, and can finally result only in abortive proceedings if permitted to go on.

"Petitioner further states that each of the above-named three informations stand for separate trials in said court, and the same will be tried separately and distinctly from each other. Separate juries will be called in said causes, and in every respect the ex-

pense incident to the trials and to the defenses of criminal actions will have to be undergone in each and all of said prosecutions, and the expense incident to each trial by the defendant therein will have to be borne by him in each separate case.

"Petitioner further states that he has no adequate remedy at law by appeal; that the ordinary remedy by appeal is not adequate, in this, that it would entail, if a conviction thereon should be .had, the expense and vexation of a trial in a court in which plaintiff believes and therefore alleges would have no jurisdiction, and the expense and annoyance of a trial and preparation of an appeal in these cases would entail a large expenditure of money that never could be recovered by this plaintiff, and would unnecessarily be a waste of time and money, which would be entirely lost to this plaintiff herein and to the state of Oklahoma, in the prosecution of said causes.

"This plaintiff and affiant further shows to the court that, notwithstanding the fact that the said Hon. Frank Mathews, as such judge of the district court of Blaine county, state of Oklahoma, has no jurisdiction of said cause or causes, and has never had jurisdiction of said causes in said court, he threatens to and will, notwithstanding the objections of this plaintiff ·in the matter to the court, proceed to hear, try, and determine said causes separately, and will render separate and distinct judgments therein, which he has no jurisdiction to do, and is attempting to use judicial power not granted by law, and is attempting to make an unauthorized application of judicial force, in cases where he has no power to act, to the detriment and damage of ·this plaintiff, and that in cases where his action would be a nullity, and in which, if any acquittal were had, this plaintiff could not claim the benefit of it in any future action, and notwithstanding these facts the said court threatens to and will proceed with said causes as hereinbefore set forth."

Upon the filing of the petition, an alternative writ of prohibition was issued, and to this respondent interposed a demurrer, on the grounds that:

"Said petition and affidavit does not state facts sufficient to entitle the relator to a writ of prohibition, or to the relief prayed for, nor any other relief."

The cause was submitted on the petition and demurrer thereto. Upon the record, the principal. question presented for our consideration is whether the informations charge felonies or misdemeanors.

In support of the demurrer it is insisted that the informations properly charge a violation of section 2243 of the Penal Code (Rev. Laws 1910), providing:

"Any sheriff, coroner, clerk of a court, constable or other ministerial officer, and any deputy or subordinate of any ministerial officer who either:

"First.    *    *    *

"Second.    Fraudulently appropriates to his own use or to the use of another person, or secretes with intent to appropriate to such use, any money, evidence of debt or other property intrusted to him in virtue of his office—

"Is guilty of felony."    (Enacted 1890.)

After a careful examination of certain sections of chapter 69, Session Laws 1910, and certain provisions of the Penal Code it is our opinion that the contention on behalf of respondents cannot be sustained.    Sections 9 and 17 of chapter 69, Session Laws 1910, provide as follows:

"Sec. 9.    At each monthly meeting of the board of county commissioners the clerk of the district court, the clerk of the superior court, the clerk of the county court, the county clerk and the register of deeds shall each file a verified report of the work of the preceding month showing the total fees charged in each case, and the total fees collected in each case, and shall pay all of such fees into the county treasury and file duplicate receipts therefor with the county clerk."

"Sec. 17.    All county, township and district officers who are required by law to make monthly or quarterly reports to the board of county commissioners who fail or refuse to make such reports, or who make a false or fraudulent report, shall be deemed guilty of a misdemeanor and in addition to his punishment he shall forfeit his office, and when any such officer shall fail or refuse to account for or to pay over any money in his official capacity, he shall be deemed guilty of embezzlement, and in no case shall any county officer retain any perquisites of his office; and provided further, that if any officer neglect or refuse to charge the fees provided by law, he shall forfeit double the amount thereof to be deducted from his salary, or to be collected by civil action against any such officer or his bondsmen."

It will be observed that, under the foregoing sections, at each monthly meeting of the board of county commissioners, the clerk of the district court is required to file a verified report of

the work of the preceding month, showing total fees charged and collected in each case, and shall pay all of such fees into the county treasury and file duplicate receipts therefor with the county clerk, and—

"when any such officer shall fail or refuse to account for or to pay over any money in his official capacity, he shall be deemed guilty of embezzlement."

Section 2681 of the Penal Code (Rev. Laws 1910) provides:

"Any person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled."

Section 2654 provides:

"Larceny is divided into two degrees; the first of which is termed grand larceny, the second petit larceny."

Section 2655 provides:

"Grand larceny is larceny committed: * * * First: When the property taken is of value exceeding twenty dollars."

Section 2657 provides:

"Petit larceny shall be punishable by a fine of not less than ten dollars or more than one hundred dollars, or imprisonment in the county jail not to exceed thirty days, or by both such fine and imprisonment, at the discretion of the court."

Section 2086 provides:

"A felony is a crime which is, or may be, punishable with death, or by imprisonment in the penitentiary."

Section 2087 provides:

"Every other crime is a misdemeanor."

It is a familiar rule of construction that, in determining the legislative intention, specific statutory provisions relating to a particular subject must govern in respect to such subject, as against general provisions, and those which do not by a fair and reasonable interpretation include the offense charged. In addition to this rule it is provided by section 2092 of the Penal Code (Rev. Laws 1910) as follows:

"If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any pro-

vision or section making the same act a criminal offense or pre-scribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code."

We think this provision is decisive of the question presented. It will also be remembered that, prior to the enactment of the Fees and Salary Act of 1910, the clerk of the district court received all the fees of his office. Under this act it is made a salary office, and the fees taxed, charged, and collected as clerk's costs are, under its provisions, required to be turned into the county treasury for the purpose of paying salaries as therein provided.

It is not to the pleader, nor to the courts, but to the Legislature that is delegated the power to name and define statutory crimes, to fix the penalty and specify what particular acts in the nature of breaches of trust constitute a felony, statutory larceny, or the crime of embezzlement. We are of opinion that, under the statutory provisions already quoted, the offense charged in each information is a misdemeanor.

By section 12, art. 7 (section 197, Williams'), of the Constitution it is provided:

"The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which the justices of the peace have not jurisdiction."

It follows that the district court of Blaine county is without jurisdiction to proceed against petitioner upon said informations.

The next question arises as to whether a writ of prohibition will issue on the application of the defendant in a criminal case on the ground of lack of jurisdiction in the trial court. We deem it sufficient to say that the legitimate scope and purpose of the writ is to prevent an inferior court from proceeding in an action over the subject-matter of which it has no jurisdiction, and of which another inferior court has exclusive jurisdiction, and which action, if proceeded in, may result in injury or damage for which the party has no speedy or adequate remedy in the ordinary and usual course of the law.

If the informations in the case at bar should be tried in the district court, the petitioner will be put to the expense of defending himself in each case in a court that is without authority to try him; and, should he be convicted, he must give bail, or go to jail pending the determination of his appeal. It is our opinion that in criminal cases neither appeal nor *habeas corpus* would be a speedy, adequate, or complete remedy. In the case af *Evans v. Willis,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258, it was held that:

"The lower court having no jurisdiction to hear or determine such case on said information, and there being no other plain, speedy, and adequate remedy at law for the relator, his remedy is by writ of prohibition to restrain action thereon."

Williams, Chief Justice, delivering the opinion of the court, used the following language:

"If judgment is pronounced against the relator upon the verdict of the jury, it might result in his being incarcerated in jail pending an appeal. An appeal in such an instance would not be such an adequate and speedy remedy as to prevent immediate injury or hardship to the relator, when it appears to the court having jurisdiction to issue the writ of prohibition that the lower court, under any conditions, is without jurisdiction to try the accused, upon the alleged information filed, with all amendments permitted under the law considered as made, to require him to invoke the remedy of appeal, occasioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his appeal, when the same conclusion as to the lower court being without jurisdiction will be reached, would work an unnecessary and unreasonable hardship upon the accused."

It appearing to us that this is a proper case for the exercise of the powers of this court to grant the writ of prohibition, it is ordered that the writ issue prohibiting the respondents as prayed for in the petition.

ARMSTRONG, P. J., and FURMAN, J., concur.