## NED McDANIEL v. BROWN.

No. A-2336.   Opinion Filed May 31, 1919.

(180 Pac. 156.)

CLERKS OF COURTS—Failure to Pay Over Fees to County—Misdemeanor—Jurisdiction—Em' ezzlement.   Pen. Code (section 2092, Rev. Laws 1910), provides: "If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto. and not by the provisions of this Penal Code."   Held that, in a prosecution against a district court clerk for failing and refusing to pay fees charged and collected as clerk's costs into the county treasury, the specific provisions of the fees and salary act (section 3213, Rev. Laws 1910) must govern as against provisions of the Penal Code.   Held, further, that when the alleged amount of fees embezzled is $20 or less, the information charges only a misdemeanor, of which the county court has exclusive jurisdiction.

Application by Ned McDaniel for writ of prohibition to Hon. G. A. Brown, District Judge of Jackson County. Writ awarded.

PER CURIAM.   This was an application for writ of prohibition, to prohibit the district court of Jackson county and Hon. G. A. Brown, specially assigned to preside over said court, from further proceeding in the trial of an information wherein petitioner, Ned McDaniel, as clerk of the district court of Jackson county, was charged with the embezzlement of fees alleged to be received by him in the sum of $9.15, as costs, in civil action No. 709 in said district court, entitled Farmers' Bank of Olustee, Plaintiff, v. Mrs. Annie L. Scott, Defendant, the same being then and there the money and property of, due, pay-

able, and unpaid to, the county of Jackson and the county treasurer of said county.

It is averred in the petition: That the defendant interposed a demurrer to said information on the ground, among others, that said district court had no jurisdiction of the offense charged or attempted to be charged therein, which demurrer was overruled by the court; that thereupon the defendant entered a plea of not guilty, and the case proceeded to trial; that the jury rendered their verdict finding the defendant Ned McDaniel guilty as charged and leaving the punishment to be fixed by the court; that motions for new trial and in arrest of judgment were duly filed, and that the court fixed the time for pronouncing judgment and sentence on the verdict.

It is further averred that upon the record attached and the undisputed facts it appears that the district court of Jackson county was and is without jurisdiction to try said information, and, unless prohibited by a writ of prohibition from this court from proceeding further in said case, and from pronouncing judgment and sentence against this petitioner, he will suffer irreparable injury thereby; that petitioner is wholly without means and will be unable by reason of his poverty to secure and pay for a transcript and case-made for appeal to this court from said judgment and that petitioner has no other adequate remedy to secure his rights.

In the case of *Warner v. Mathews, District Judge,* 11 Okla. Cr. 122, 143 Pac. 516, the precise question here presented was considered and determined. It was therein held:

"The Penal Code provides (Rev. Laws 1910, sec. 2092): 'If there be in any other chapter of the laws of this state a provision making any specific act criminal and

providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense, or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code.' *Held* that, in a prosecution against a district court clerk for failing and refusing to pay fees charged and collected as clerk's costs into the county terasury, the specific provision of the fees and salaries act (section 3213, Rev. Laws 1910) must govern as against provisions of the Penal Code. *Held*, further, that when the alleged amount of fees embezzled is $20 or less, the information charges only a misdemeanor, of which the county court has exclusive jurisdiction."

It is our opinion that, under the provisions of the Penal Code quoted in the opinion in the case of *Warner v. Mathews, District Judge,* the offense charged in the information in this case is a misdemeanor. It follows that the district court of Jackson county is without jurisdiction to render judgment on the verdict rendered in said cause.

It is therefore ordered that the writ issue prohibiting the respondent as prayed for in the petition.