## SAM EGGAR v. STATE.

No. A-8627.  Sept. 18, 1933.
(25 Pac. [2d] 710.)

Amil H. Japp, for petitioner.

J. Berry King, Atty. Gen., and S. C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained by the sheriff of Comanche county; that his restraint is based on the following state of facts:

That he is held under four informations in the district court of said county, which separate informations charge petitioner with obtaining money under false pretenses. One of said informations is set out and the original is introduced in evidence, which information in substance alleges that petitioner fraudulently and feloniously, by false pretenses, with the intent to cheat and defraud, obtained from one Mildred Shannon the sum of $2. It is further alleged the other informations are similar in form and substance, each alleging the procuring by false pretense sums of less than $20.

Petitioner contends the offense is under the provision of section 2086, Okla. Stat. 1931, beeing chapter 33, Sess. Laws 1923. Said section is in part:

"Section 2086. Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property, or valuable thing, of the value of twenty ($20.00) dollars, or less, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game,' or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed one hundred ($100.00) dollars, or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment. If the value of the money, property or valuable thing referred to in the preceding paragraph, be more than twenty ($20.00) dollars, any person

convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the state penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed five hundred ($500.00) dollars, or by both such fine and imprisonment. * * *"

There is some conflict in the statutes. The county attorney evidently is proceeding under section 2087, Okla. Stat. 1931, being section 2145, C. O. S. 1921, which section defines a felony in the procuring of money or property by false pretense without regard to the value of the money obtained. In 1913 the Legislature, by chapter 72, Sess. Laws 1913, enacted a statute covering much the same matter as section 2145, defining as a felony the obtaining of money or property, which section became 2146, C. O. S. 1921. This section was amended by chapter 33, Sess. Laws 1923, above quoted. For the first time, by this amendment, the obtaining of money or property, $20 or less in value, is made a misdemeanor. The Legislature, by the amendment of 1923, evidently intended to make the obtaining of money or property, where the amount was $20 or less, a misdemeanor, to conform to the degrees of larceny, section 2256, Okla. Stat. 1931, and the statutes as to embezzlement, section 2049, Okla. Stat. 1931. See Warner v. Mathews, Judge, 11 Okla. Cr. 122, 143 Pac. 516.

We are satisfied the offense charged is a misdemeanor and that the district court is without jurisdiction.

The writ is awarded and petitioner is discharged, subject, however, to any other proceeding in a court of competent jurisdiction for a misdemeanor.

DAVENPORT and CHAPPELL, JJ., concur.