## FRANK E. SEVERN v. STATE.

No. A-9928. May 28, 1941.

(114 P. 2d 181.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Bill Gruber, Co. Atty., of Alva, for the State.

A. J. Stevens and Mauntel & Spellman, all of Alva, for defendant.

BAREFOOT, P. J.   Defendant Frank E. Severn was charged by indictment of a grand jury in the district court of Woods county with the crime of embezzlement, was tried, convicted and sentenced to serve a term of three years in the penitentiary, and has appealed.

Three indictments have been filed against this defendant in Woods county.   The other cases are now pending, and for this reason this case has been advanced by the court to the end that the pending cases may be disposed of at as early a date as possible.

The charges in this case are based upon Oklahoma Statutes 1931, section 7761, 19 Okla. St. Ann., § 641, which is as follows:

"If any county treasurer, or other officer or person charged with the collection, receipt, safekeeping, transfer or disbursement of the public money, or any part thereof, belonging to the state or to any county, precinct, district, city, town or school district of the state, shall convert to his own use or to the use of any other person, body corporate or other association, in any way whatever, any of such public money, or any other funds, property, bonds, securities assets or effects of any kind received, controlled or held by such officer or person by virtue of such office or public trust for safe-keeping, transfer or disbursement, or in any other way or manner, or for any other purpose; or shall use the same by way of investment in any kind of security, stocks, loan property, land or merchandise, or in any other manner or form whatever; or shall loan the same, with or without interest, to any person, firm or corporation, except when authorized by law; or if any person shall advise, aid, or in any manner knowingly participate in such act, such county treasurer, or other officer or person shall be deemed guilty of an embezzlement of so much of said money or other property, as aforesaid, as shall be converted, used, invested, loaned or paid out as aforesaid; and upon conviction thereof, such county treasurer or other officer or person shall be sentenced to im-

prisonment in the penitentiary at hard labor for a term of not less than three years nor more than twenty-one years, and also to pay a fine equal to double the amount in money or other property so embezzled as aforesaid; which fine shall operate as a judgment lien at law on all the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the person whose money or other funds or property as aforesaid shall have been so embezzled; and in all cases such fines, so operating as a judgment, shall be released or entered as satisfied only by the person in interest, as aforesaid."

This statute is a special statute covering county treasurers and other officers and the penalty fixed is, "not less than three years nor more than twenty-one years" in the penitentiary. It has been held that the term "other officers" includes other county officers. Hays v. State, 22 Okla. Cr. 99, 210 P. 728.

The court in his instructions to the jury by instruction No. 4 fully covered the law as applied to the facts in this case under the terms of the above statute, but in addition thereto gave instruction number 6, which is as follows:

"You are instructed that it is the duty of every county attorney whenever he shall receive any moneys for fines, recognizances, penalties or costs, either by virtue of his office as county attorney, or upon order of court, to execute receipts in duplicate therefor to the officer, or persons, pay the same, and it is the duty of such county attorney on or before the first day of January in each year to file in the office of the county treasurer an account, in writing, duly verified by his affidavit, of all moneys received by him during the preceding year by virtue of his office, or any fines, bond forfeitures, penalties or costs, specifying the name of each person from whom received, with the amounts paid by each person and the cause for which each payment was made; but, he shall pay over to the county treasurer all moneys he may receive as such county attorney within ten days after he receives it."

This instruction is based entirely upon a different statute, namely Oklahoma Statutes 1931, sections 7623 and 7624, 19 Okla. St. Ann., §§ 189 and 190, and one not involved in this case. They provide as follows:

(1) "Every county attorney shall on or before the first day of January in each year, file in the office of the county treasurer an account in writing, verified by his affidavit, to be filed with said account, of all moneys received by him during the preceding year by virtue of his office, or any fines, recognizances, forfeitures, penalties or costs; and he shall specify in such accounts the name of each person from whom he may have received such moneys, the particular amount paid by each person and the cause for which each payment was made. But he shall pay over to the county treasurer all money he may receive as such county attorney within ten days after he receives it."

(2) "If the county attorney shall refuse or neglect to account for or pay over the moneys received by him as requested by the foregoing section, he shall be liable to a fine of not less than fifty dollars nor more than two hundred dollars; and it shall be the duty of the county treasurer, in his official name and capacity, to cause an action to be instituted upon the bond of such county attorney for the recovery of the moneys so received and unpaid by him."

It will be noted that the punishment under this statute is for that of a misdemeanor and provides for a fine of not less than $50 nor more than $200. The court in his instructions to the jury submitted the punishment of not less than three years nor more than 21 years in the penitentiary, but did not submit the punishment under the last statute quoted.

It is the contention of the defendant that the court erred in giving instruction No. 6 and in failing to give the punishment prescribed for its violation, and that this constituted prejudicial error to the rights of the defendant. We are inclined to agree with this contention. The defend-

ant was not charged with the violation of this statute, but with the violation of the statute constituting embezzlement, as above cited. If this statute had been considered as an included offense, which we do not here decide, it would have been the duty of the court in submitting it to have submitted the punishment prescribed and given the jury an opportunity to have assessed that punishment if they found the defendant guilty of its violation. Under the instructions, as a whole, the jury could have very easily come to the conclusion that, if defendant had failed to pay over money to the county treasurer in the manner and form prescribed by the statutes covered by instruction No. 6, he was guilty of embezzlement, and the court failing to instruct the jury as to the penalty under the second statute, they would have naturally applied the only punishment given in the instruction and found the defendant guilty and assessed his punishment in the penitentiary as they did in the instant case.

The defendant was charged with the embezzlement of $34.80. This was money collected by him as county attorney from a surety on a stay bond and which it is contended by the state was never reported to the county clerk of Woods county. The evidence reveals that there was not the best of feeling between the court clerk and defendant. The court clerk testified that the money had never been paid to him. The defendant testified that just before he went out of office as county attorney in December, 1938, that he returned the papers in the case in which the stay bond proceedings were pending to the clerk in the exact amount of $34.80, which said check was in the papers. His wife, who wrote the check on the typewriter, corroborated the testimony of defendant. It was strenuously denied by the court clerk. The papers which were lost were afterwards located by the attorney of defendant and the check was found therein. It was contended by the court clerk that

the check had been placed therein after the indictment against the defendant had been returned. The defendant's evidence revealed that he kept two separate bank accounts, one in the Central National Bank at Alva, where he kept his private account, and one in the Alva State Bank, where he kept money that was collected by him as a public officer. It was revealed that there were sufficient funds in the Alva State Bank to cover the check in question at the time it was given and at the time of the trial of this case.

The verdict of the jury had thereon a notation, "We recommend the court to be as lenient as possible." Of course, the court was not bound by this notation. The minimum sentence of three years in the penitentiary was given defendant. But we can easily see how the jury, under instruction No. 6, as above stated, could have come to the conclusion that if the defendant had failed to deposit the money as provided by that statute, he would be guilty of embezzlement, and for this reason was found guilty and given a penitentiary sentence.

In the case of Hays v. State, 22 Okla. Cr. 99, 210 P. 728, 731, the court said:

"This prosecution might have been brought under the provisions of section 3213, 28 Okla. St. Ann. § 3, invoking the penalty provided in the Penal Code (section 2681, R. L. 1910, 21 Okla. St. Ann. § 1462), but the state elected to and did try the defendant under the provisions of section 7437, 19 Okla. St. Ann. § 641, in which one of the material elements of the offense is a personal appropriation of funds. The state, having made its election to try the defendant under the provisions of the latter section, was bound by such election. To sustain a conviction under this section, it must be shown that there was a private appropriation of the fund as charged in the information, and the mere failure to report and pay over the fund, without any private appropriation or conversion, would not be sufficient. State v. Bunch, 23 Okla. Cr. 388, 214 P. 1093.

"This court has held in former decisions, construing section 3213, that the offense of embezzlement by an officer is complete so soon as he wrongfully fails or refuses to account for or pay over any money in his official capacity, as required by law. Warner v. Mathews, 11 Okla. Cr. 122, 143 P. 516; McDaniel v. Brown, 16 Okla. Cr. 149, 181 P. 156.

"If the information in this case had been based on section 3213, the facts here shown, if the acts were corruptly done, might have been sufficient to sustain a conviction; but it was essential under the information filed to show that this officer made a private, personal appropriation of the fund, or an appropriation not in keeping with his official trust, to sustain the conviction under the provisions of section 7437, under which this action was maintained. There was no such misappropriation of this fund shown by the evidence."

In this case the court instructed the jury that "a mere failure to pay over the money, standing alone, would not support a conviction for embezzlement". No such instruction was given in the instant case.

We have examined the entire record. The defendant was tried not alone upon the case with which he was indicted, but the evidence of all the cases upon which he was indicted was introduced against him. If the defendant is again tried, we suggest that the evidence be confined to the issue on trial. The evidence was conflicting, and it is not for this court to pass upon the conflict in the testimony. It would have probably been better for defendant to have been tried under Oklahoma Statutes 1931, sections 7623 and 7624, 19 Okla. St. Ann. §§ 189 and 190, as above cited, than under the embezzlement statute.

For the reasons above stated, the judgment of the district court of Woods county is reversed.

JONES, J., concurs. DOYLE, J., absent.