N. Dean WALLEN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-13055.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1961.

Rehearing Denied Jan. 10, 1962.

James Ed Douglas, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

N. Dean Wallen was charged in the District Court of Canadian County under the provisions of title 21 O.S. (1951) § 341, with the offense of embezzlement in the sum of $6,077. The information under which he was charged stated in substance that: "The Defendant N. Dean Wallen at all times from the 28th day of September, 1959 to June 6, 1960, was the duly appointed, qualified and acting Justice of the Peace, District No. 8 of the City of Yukon, Canadian County, Oklahoma, and that during and between said dates the said N. Dean Wallen did fail to deposit with and turn over to the County Treasurer of Canadian County, Oklahoma, the sum of $6,077 of good and lawful money of the United States of America, said moneys being public moneys collected as fines, bonds and costs by reason of his official position as Justice of the Peace in numerous criminal cases aggregating $6,077, during said period, as shown by the official audit report of the office of the State Examiner and Inspector of the State of Oklahoma, and that the said defendant did embezzle, convert and appropriate to his own use and benefit and to uses unknown to affiant and to uses not in keeping with his trust imposed upon him by law, said public moneys so collected, contrary to title 21, section 341 Oklahoma Statutes Annotated." He was found guilty by a jury who could not agree on the punishment. Thereafter on November 15, 1960, he was sentenced by the Honorable William L. Fogg, District Judge in and for Canadian County, Oklahoma, to serve five years in the State Penitentiary at McAlester and pay a fine of $100. The defendant perfected a timely appeal by transcript to this court.

■ For reversal the defendant urges that it was error to charge the defendant under the provisions of title 21, section 341, and that the charge should have been laid under the provisions of title 39, section 16.

Title 39, sections 15 and 16 provide:

"§ 15. The justice shall pay into the county treasury all fines and moneys collected by him in behalf of the county or State, at the time of making his report, as provided in this Article; but if at any time such moneys in his hands amount to two hundred dollars, he shall pay the same into the treasury forthwith. . .

"§ 16. And any justice of the peace, who shall neglect or refuse to make the report provided for in this act, shall be guilty of a misdemeanor; and any jurtice of the peace, who shall wilfully neglect or refuse to pay over any moneys into the county treasury, as provided in this act, * * * shall be guilty of embezzlement."

The clear meaning of the statutes above cited contemplates that a failure to pay over the money alone as required by the statutes constitutes the offense. To further require the state to prove that the defendant converted the moneys to his own use and benefit would be an unreasonable and unwarranted enlargement of the statute not contemplated by our legislature at the time of its enactment. For construction of a similar statute see Hays v. State, 22 Okl. Cr. 99, 210 P. 728.

■ As has been heretofore related the state in the information relied for a conviction upon proving that the defendant did embezzle, convert and appropriate to his own use and benefit. This brings it squarely within the provisions of title 21, section 341, and we must therefore conclude that the state did not err in charging the defendant under this statute.

■ We note in reaching this conclusion that there is an apparent conflict in

title 21, section 11 and title 21, section 23 of the Oklahoma Statutes. Title 21, Section 11 provides:

"If there be in any other chapter of the laws of this State a provision making any specific act criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code."

Title 21, section 23 provides:

"An act or omission which is made punishable in different ways by different *provisions of this Code, or other penal statute, may be punished under either* of such provisions, except that in cases specified in Sections 2805 and 2808, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

There is no apparent conflict when the acts or omissions arise within the penal code for the terms of section 23 specify that an act or omission which is made punishable in different ways by different provisions of the Code itself may be punished under either. There is, however, an irreconcilable conflict when the act or omission complained of is defined and punished both under the penal code and other chapters of the statutes. The familiar common-law rules of construction and application will be adopted and applied in all cases where this situation prevails.

For the reasons above cited the judgment is hereby affirmed.

NIX, P. J., and BRETT, J., concur.