Student Activity Funds — Control Although student government is a proper student activity to receive support from revenues collected from student activity fees, the president of the University of Oklahoma may not relinquish control of these moneys to a student governmental organization without such action being subject to prior approval by the Board of Regents of the University of Oklahoma and, if they so desire, by the Oklahoma State Regents for Higher Education. Money derived from student activity fees are public funds and can only be expended in accordance with the general law concerning public money. The Attorney General has had under consideration your recent letter in which you asked, in effect, the following question: May the president of the University of Oklahoma appropriate to student government organizations money collected from student activity fees without such appropriation being subject to review by the Board of Regents? Article XIIIA of the Oklahoma Constitution provides for the establishment of the Oklahoma State System of Higher Education, and for the Oklahoma State Regents of Higher Education as a "coordinating board of control" for all state institutions in the state system. The State Regents are specifically given the power "to recommend to the Legislature proposed fees for all of such institutions, and any such fees shall be effective only within the limits prescribed by the Legislature." Title 70 O.S. 3207 [70-3207] (1968), delegates to the Oklahoma State Regents for Higher Education the authority to prescribe and coordinate student fees to institutions in the Oklahoma State System of Higher Education and states in part: "(a) The State Regents are authorized to prescribe and co-ordinate matriculation, enrollment, nonresident, course, laboratory, library, infirmary, student activity, and other fees commonly charged students at institutions of higher learning." (Emphasis added) The Oklahoma State Regents of Higher Education have adopted the following policy with respect to the use of revenues derived from student activity fees. "One hundred percent (100%) of all revenue derived from student activity fees shall be deposited in the institution's Official Depository Fund and apportioned for use in supporting student activities related to the general educational program of the institution, such as athletics, infirmary, student newspaper, yearbook, student senate and recreational and social centers." Article XIII, Section 8
of the Oklahoma Constitution, provides in part: "The government of the University of Oklahoma shall be vested in a Board of Regents. . . ." Title 70 O S. 3305 (1968), provides in part: "The Board of Regents of the University of Oklahoma shall have the supervision, management and control of the University of Oklahoma and all its integral parts. . . ." Also, Section 70 O.S. 3305 [70-3305](o) gives the Board of Regents of the University the power to: "Do all things necessary and convenient to carry out the powers expressly granted to it by the Constitution and the laws of the state, or to make the University of Oklahoma effective for the purpose for which it is maintained and operated." In Pyeatte v. Board of Regents of University of Oklahoma,102 F. Supp. 407 (W.D. Okla.), the court said: "Over and above the express powers conferred upon the Board of Regents by the statutory provisions, the Oklahoma Constitution also provides for government of the University by the Board of Regents. Article XIII, Section 8 Oklahoma Constitution. The term `government' is very broad and necessarily includes the power to pass all rules and regulations which the Board of Regents consider to be for the benefit of the health, welfare, morals and education of the students, . . . ." The Oklahoma State Regents of Higher Education and the Board of Regents of Oklahoma University are subdivisions of state government, and members of these boards hold offices of trust under the laws of the state. See Wimberly v. Deacon, 195 Okl. 561, 144 p. 2d 447 (1944). This case in holding that a member of the Board of Regents of the University of Oklahoma is an office of trust said: "It is apparent that membership on the Board of Regents is an office of trust, and that the Board exercises an important part of the sovereign power of the state." The president of a university would have only that authority delegated to him by the Board of Regents for the particular university for which he is president. The Board of Regents of a university is responsible for governing that particular university. Any act done by the president, an employee of that university. is subject to review by its Board of Regents. It should also be noted that money derived from student activity fees is public funds and should be treated accordingly. Hays v. State, Okl. Cr. 99.210 P. 728 (1922), holds in effect, that it was the intention of the Legislature to include every kind of public revenues, whether derived from taxation o r otherwise, within the term "public money". In the case of State ex rel. v. Olsoll. State Treasurer, 43 N.D. 619,175 N.W. 714, public funds were said to be ". . . money belonging to the state, which has accumulated in the treasury as public funds, which are to be used in carrying on state government. It means such money as is raised by taxation. Or which has accumulated in the Treasury by the payment of fees authorized by law to be charged various purposes." (Emphasis added) State v. Simss, 134 W. Va. 428,59 S.E.2d 705 (1950), held that the Board of Governors of West Virginia University is a public and governmental body and an of the state. vested with wide discretion as to the expenditure of moneys derived from admission fees. This court also held that: "Although the athletic fund consists solely of moneys earned and derived from the activities of the athletic department of the University which are deposited in the state treasury in a special fund they are by statutory implication, `public moneys'." Under the policy adopted by the Oklahoma State Regents for Higher Education with respect to the use of revenue derived from student activity fees, supporting student activities such as the student senate or student government would be proper. However. appropriations to support these activities would be subject to the general law regarding the expenditure of public funds. See Vette v. Childers,102 Okl. 140, 228 P. 145 (1924). Therefore, it is the opinion of the Attorney General that your question should be answered in the negative in that although student government is a proper student activity to receive support from revenues collected from student activity Sees. the president of the University of Oklahoma may not relinquish control of these moneys to a student governmental organization without such action being subject to prior approval by the Board of Regents of the University of Oklahoma and, if they so desire. by the Oklahoma State Regents for Higher Education. It is the further opinion of the Attorney General that money derived from student activity fees are public funds and can only be expended in accordance with the general law concerning public money. (Tim Leonard)