## STATE v. E. T. BROWN.

No. A-1629.   Opinion Filed July 19, 1913.

(133 Pac. 1143.)

INTOXICATING LIQUORS—Indictment and Information—Continuando —Duplicity.   Under section 3610 (Rev. Laws 1910) of the enforcement act, it is made a misdemeanor for any person to keep or maintain, by himself, or by associating or combining with others, any clubroom or other place in which intoxicating liquors are received and kept for the purpose of distribution or division among the members of any club or association, by any means whatever, and it is made a continuing offense.

The information charges that the defendant, by himself and by associating and combining with others, did keep and maintain a clubroom in which intoxicating liquors were received and kept for the purpose of distribution and division among the members of a certain association.

Held, an information charging a violation of this section may charge such keeping with a **continuando,** and where the

statute makes it an offense to do this or that, mentioning both ways disjunctively, the information may, as a general rule, embrace the whole in a single count conjunctively, and it will not be bad for duplicity.

The judgment of the lower court sustaining a demurrer to the information herein is reversed, and the cause remanded for trial.

*Appeal from County Court, Coal County;*
*R. H. Wells, Judge.*

· E. T. Brown was charged with violating the enforcement act, and from a judgment sustaining a demurrer to the information, the state appeals. Reversed and remanded.

*James R. Wood,* Co. Atty., for the State.

DOYLE, J. The county attorney of Coal county preferred and filed in the county court of Coal county an information, verified by his own oath, which, omitting title, verification, and indorsements, is as follows:

"In the name and by the authority of the state of Oklahoma now comes Jas. R. Wood the duly qualified and acting county attorney in and for Coal county, state of Oklahoma, and gives the county court of Coal county and state of Oklahoma to know and be informed that one E. T. Brown did in Coal county, and in the state of Oklahoma, during the months of August, September, October, and November, in the year of our Lord one thousand nine hundred and eleven, and anterior to the presentment hereof, commit the crime of keeping and maintaining a clubroom for selling and furnishing and distributing and dividing prohibited liquors, in the manner and form as follows, to wit: That he, the said E. T. Brown, being then and there a member of a certain organization and an association and a club, to wit, an organization and an association and a club known as the 'Order of Owls,' did then and there willfully and unlawfully and continuously, beginning on the 1st day of August, 1911, and continuing until, and including, the 25th day of November, 1911, keep and maintain by himself and by associating and combining with other persons, to wit, William Richardson and Press Muller and Charley Addison and Walter Mayer, and with divers and numerous other persons, all members of the aforesaid Order of Owls, a certain clubroom and a place, to wit, the upper story of a two-story frame building, located on the east side of Main street, in the town of Coalgate, in said county of Coal, and state of Oklahoma, known

as the 'Opera House,' and more particularly described as being situated on lots 39, 40, and 41, in block 36, in said county of Coal, and state of Oklahoma in said upper story of which said building certain malt liquors, to wit, beer, and a certain imitation of and a substitute for malt liquors, to wit, an imitation of and a substitute for beer, were, during said period of time, being continuously received and kept for the purpose, and with a complete and full knowledge and understanding on the part of him, the said E. T. Brown, of being unlawfully sold, bartered, given away, and furnished, and for the purpose and with a full and complete knowledge and understanding on the part of him, the said E. T. Brown, of being unlawfully distributed and divided among the members of said association, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.   Jas. R. Wood, County Attorney."

Upon arraignment the defendant interposed a demurrer on the grounds:

"First, that said information does not contain a statement of the acts constituting the alleged offense in such language, or in such manner, as to enable a person of common understanding to know what is intended; second, that the information is duplicitous, and charges more than one offense."

The court sustained the demurrer on these grounds. The state excepted, and gave notice of appeal from the judgment and ruling of the court. Proper notices of appeal were given, and the appeal perfected by filing in this court March 1, 1912, a petition in error with transcript.

Section 3610, Rev. Laws 1910, provides that:

"Every person who shall within this state, directly or indirectly, keep or maintain by himself or by associating or combining with others, any clubroom or other place in which any liquor, the sale of which is prohibited by this chapter, is received or kept for the purpose of selling, bartering, giving away, or otherwise furnishing, or for distribution or division among members of any club or association by any means whatsoever, and every person who shall sell, barter, give away or otherwise furnish, distribute or divide any such liquors so received or kept shall be guilty of a misdemeanor."

Under this section of the enforcement act it is made a misdemeanor to keep or maintain, or to associate and combine with others in keeping or maintaining, a clubroom or other place in

which intoxicating liquors are reecived and kept for the purpose of distribution or division among the members of any club or association by any means whatsoever, and it is made a continuing offense. An information charging a violation of this section may charge such keeping with a *continuando*. Says Mr. Bishop:

"A *continuando* is an allegation, in any appropriate words, that an offense whereof a day of beginning is stated is continuing commonly to another day stated." (1 Bishop's New Crim. Proc. par. 394.)

Says Mr. Wharton:

"A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy." (Wharton's Crim. Pl. 474.)

It is our opinion that the information, while it may be subject to criticism for redundancy, and unnecessary particularization, is sufficient. The information charges every essential allegation of the offense defined in the section above quoted, and it is not bad for duplicity.

It follows that the judgment of the county court of Coal county, sustaining the demurrer to the information, should be reversed, and the cause remanded for trial.

ARMSTRONG, P. J., and FURMAN, J., concur.