(87 South. 409)

McGILVARY v. STATE.    (4 Div. 641.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

1. EMBEZZLEMENT ⬅️4—ESSENTIALS OF OFFENSE STATED.

Where defendant was charged with embezzlement of a pistol, it is essential to a conviction that there be proof that defendant stood to the owner in the relation of a bailee or agent that the pistol was deposited with him, and that the pistol so deposited was embezzled or fraudulently converted or secreted with intent to convert it to his own use, the word "embezzlement" having a technical meaning which involves a breach of duty to another and a wrongful or a fraudulent appropriation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzle—Embezzlement.]

2. CRIMINAL LAW ⬅️753(2) — No AFFIRMATIVE CHARGE WHERE EVIDENCE TENDS TO ESTABLISH ESSENTIALS OF OFFENSE.

Where the evidence tended to establish the essentials of the offense, the general affirmative charge was properly refused.

3. EMBEZZLEMENT ⬅️38—IN PROSECUTION FOR EMBEZZLING A PISTOL, EVIDENCE THAT OTHERS IN THE SHOP FREQUENTLY WALKED AROUND WITH PISTOLS INADMISSIBLE.

In a prosecution for embezzlement of a pistol from a shop, evidence that boys in the shop frequently walked around with pistols and placed them in their trousers, where there was nothing to show that the pistol in question was so used, was inadmissible, as was evidence that another pistol carried by a third party was sold by the owner of the shop.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Buddie McGilvary was convicted of embezzlement, and he appeals. Affirmed.

Certiorari denied by Supreme Court, 87 South. 410.

Henry Smith owned a shop in Barbour county in which he and McGilvary worked, and among other things repaired pistols, clocks, guns, etc.; and, a lot of these things having been repaired for some time and not called for, Smith sold them to one Foy Bryan, with the understanding that, if the owner of any of the articles should call for them and pay the charges, Bryan was to deliver the same to the owner. Among the articles was a pistol known as the Fenn pistol, which Bryan says McGilvary claimed, and that he took it and placed it in a desk. McGilvary says that he did take a pistol of which he was bailee and place it in a desk, but that Bryan afterwards reclaimed it and carried it off with the other junk.

Winn & Winn, of Clayton, for appellant.

A fraudulent intent, not put into execution, is not a crime. 78 Ala. 31, 56 Am. Rep. 21. Under the evidence, McGilvary had a right to the pistol as bailee. Section 2464, Code 1907. The defendant was entitled to the affirmative charge. 129 Ala. 104, 29 South. 799.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

SAMFORD, J. [1] The offense charged in the indictment is strictly statutory, and to constitute it there must be the concurrence of three several facts. As applied to the facts of this case, there must be proof: (1) That the defendant stood to the owner in the relation of bailee, or agent; (2) the pistol alleged to have been embezzled must have been deposited with defendant; and (3) the pistol so deposited must have been embezzled, or fraudulently converted to the use of defendant, or fraudulently secreted by him with the intent to convert it to his own use. Watson v. State, 70 Ala. 13, 45 Am. Rep. 70. The word "embezzle" in the statute has a technical meaning which suggests the character and scope of the proof required and involves two general elements; a breach of duty or trust in respect to the pre-party and a wrongful or fraudulent appropriation thereof. Wall v. State, 2 Ala. App. 157, 56 South. 57.

[2] The evidence for the state tended to establish these facts, and therefore the general affirmative charge as requested by the defendant was properly refused.

[3] There was no error in the refusal of the court to allow the witness Butts to testify that sometimes boys around the shop put pistols in their pants and belts and walk around with them, there being no evidence that at such times these boys ever had access to this pistol or had ever handled it in any way. The fact that one Price carried an Iver-Johnson pistol to the shop where de-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant worked was immaterial and irrelevant testimony, and the fact that the Iver-Johnson pistol was sold by Smith, who occupied a part of the shop and had possession of the Iver-Johnson pistol, could have no bearing on the question of whether defendant had embezzled a Smith & Wesson, blue steel, 38-caliber pistol, the property of Fenn. Being immaterial, it was not admissible for the purpose of impeaching the testimony of the witness Bryan.

The court in its several rulings on the admissibility of testimony confined the inquiry well within the issues as herein defined, and the rulings were without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.