## STATE v. R. O. BUNCH.

No. A-4322. Opinion Filed Sept. 16, 1922.

Rehearing Denied May 24, 1923.

(214 Pac. 1093.)

(Syllabus.)

1.  **Embezzlement—Specific Penal Statutes Govern as Against General Provisions.** Sections 3213, 7437, Rev. Laws 1910, are specific statutes within the meaning of section 2092, providing that specific penal statutes shall govern as against general provisions

of the Penal Code comprehending the same offense.

2. **Criminal Law—Where Specific Statutes Prescribe Different Penalties Prosecution May Elect.** As between specific statutes prescribing different penalties for any offense, the state may elect to try an offender under either statute.

3. **Embezzlement—Information Against Court Clerk—Sufficiency.** The averments of the information recited in the opinion held sufficient, under section 7437, Rev. Laws 1910.

4. **Indictment and Information—Offense of Doing Any of Several Things Disjunctively May Be Charged Conjunctively—Proof of Either or All.** Usually where a statute makes it an offense to do this, that, or the other of several things, disjunctively, the whole or any part thereof may be charged, conjunctively, and proof of either or all will support a conviction.

5. **Indictment and Information—Order Nunc pro Tunc, Remanding Accused to Answer New Information, Where Demurrer Sustained.** Where a judgment in a criminal case remains wholly unsatisfied, the court may, during the term, on proper notice and in furtherance of justice, modify his orders or judgment previously made or rendered, as in this case, to the extent of making an order requiring the defendant held to answer a new or amended information covering the same offense; judgment having been previously rendered sustaining a demurrer to the original information.

Appeal from District Court, Grant County; Will Linn, Assigned Judge.

R. O. Bunch was charged with embezzlement of public funds. From an order sustaining his demurrer to the information, the State appeals. Reversed and remanded.

J. B. Drennan and J. E. Falkenberg, for defendant in error.

Geo. F. Short, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. The charging part of the information is as follows:

"That the said Roy Otis Bunch, in the county and state aforesaid, on or about the 17th day of June, 1920, was the

duly elected, qualified, and acting court clerk of Grant county, state of Oklahoma, and as such court clerk was charged and intrusted with the collection, receipt, safe-keeping, transfer, and disbursement of all public money belonging to the said county of Grant, state of Oklahoma, and to divers persons, firms, and corporations to your informant unknown, and of all other funds, property, bonds, securities, assets, or effects of any kind received, controlled, or held by him by virtue of his said office of court clerk for safe-keeping, transfer, and disbursement, and that the said Roy Otis Bunch, as such court clerk, and acting, charged, and intrusted as aforesaid, was intrusted and charged with, and did in said county and state, on or about the said 17th day of June, A. D. 1920, receive, have, and hold in his possession and under his control, by virtue of his said office, and for the purposes aforesaid, certain public money and other funds, property, bonds, securities, assets, and effects by him received and collected as such court clerk for costs in cases pending in the district court and in the county court of said county, and for marriage license fees, judgments, and for other purposes, and from various sources provided by law and to your informant unknown, and which said public money and other funds, property, bonds, securities, assets, and effects were received and held by him for the said county of Grant and state of Oklahoma, and divers persons, firms, and corporations to your informant unknown, in large sums, but the exact amount thereof being to your informant unknown; that the said Roy Otis Bunch, on or about the said 17th day of June A. D. 1920, in said county of Grant, and state of Oklahoma, then and there being, and then and there acting as such court clerk, and being then and there so charged and intrusted with the control, disbursement, receipt, safe-keeping, and transfer of said public money, funds, property, securities, assets, bonds, and effects aforesaid then being in his possession by virtue of his said office for safe-keeping, transfer and disbursement, did then and there unlawfully, willfully, wrongfully, and feloniously convert and appropriate to his own use and benefit, and to the use and benefit of other persons, bodies corporate, and associates to your informant unknown, a part of said public money and funds, property, bonds, securities, assets, and effects received, controlled, and held by and intrusted

to him as such court clerk by virtue of his said office, to wit, the sum of, and to the amount of, and of the value of five thousand eight hundred forty-five dollars and sixty-one cents ($5,845.61), a more particular description of which is to your informant unknown, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma.''

The demurrer to the information was as follows:

''Comes now the defendant, Roy Otis Bunch, and demurs to the information hereinbefore filed against him in said action, and for his demurrer alleges and says:

''(1)    That the court has no jurisdiction of the defendant.

''(2) That the court has no jurisdiction of the subject-matter.

''(3)    That said information does not substantially conform to the requirements of the chapter of procedure of the state of Oklahoma.

''(4)    That more than one offense is charged in said information, if any charge is made.

''(5)    That the facts stated in the information do not constitute a public offense.

''(6)    That the said information attempts to charge the crime of embezzlement under section 7437 of the General Laws of 1910, and that no offense can be charged against the court clerk under that section.

''(7)    That the information contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.

''Wherefore the defendant prays judgment of the court.''

The court sustained the demurrer, but without intimating

upon which of the seven grounds this order was made. From the brief of defendant in error we assume that the court based his order upon the first, second, and sixth paragraphs of the demurrer.

This court, in the case of Sam H. Hays v. State, 22 Okla. Cr. 99, 210 Pac. 728, held that section 7437, R. L. 1910, together with sections 3213 and 3214, R. L. 1910, are specific statutes dealing with the receipt, safe-keeping, and disbursement of public funds by state, county, or other officers, as distinguished from the general statute on that subject found in the Penal Code, section 2671, R. L. 1910. Several statutes referred to in this opinion are set out at length in the Hays opinion, supra, which will be published in the same volume of the reporter as this case. In the interest of brevity, reference is made to the statutes quoted in that case.

Section 7437, R. L. 1910, under which this information is drawn, is not and never was a part of our Criminal Code proper. It is a special penal statutory provision, designed to reach public officers who held or diverted public funds and securities, or funds held by such officers officially, belonging to private individuals, or to firms and corporations, in violation of a public trust, though usually under some claim of justification.

Assuming that the allegations in this information are true, if the accused failed to report and pay monthly, as provided by law, he might have been prosecuted under the provisions of either section 7437 or section 3213, supra. To sustain a prosecution under the former, there must be an actual or implied conversion of the funds; under the latter, a willful or wanton failure to report and pay constitutes the offense. The former is also broader than the latter, in that it includes the misapplication of private as well as public funds, and may include securities, bonds, and other evidences of debt. Under the provisions of these two specific statutes a county attorney has a right to

elect to try a court clerk for the misappropriation of funds under either section. Both being specific in their scope and nature, a prosecution against an offending state or county officer should be maintained under one or the other, and not under section 2671 or section 2243, R. L. 1910, of the Penal Code. Section 2092, R. L. 1910, provides as follows:

"If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code."

Section 2794, R. L. 1910, is in part as follows:

"An act or omission which is made punishable in different ways by different provisions of this article, or other penal statute, may be punished under either of such provisions."

The information, in our opinion, does not state more than one offense. This court clerk may have converted to his own use funds of which a part belonged to the state, a part to the county or other municipality, a part to private individuals or firms, as rebates and costs, and a part being money belonging to judgment creditors. In this regard section 7437 is broader and more comprehensive than section 3213. The thing prohibited by the provisions of section 7437 is not the misappropriation of any particular item or fund, but the misappropriation of any and all funds, in violation of his trust as a public officer. In this case the embezzlement charged, in the amount of $5,845.61, was probably made up of a multitude of items from various sources. But one offense is stated, and it is not necessary in such a case to plead specifically a description of the individual items composing the aggregate. The manifest purpose of this statute was to make a blanket provision covering any or all

such delinquencies, constituting but one offense. Otherwise there is no excuse for this statute. If each item constituted a separate offense, to be separately pleaded and proved, then the provisions of section 2671, R. L. 1910, a section of the general Penal Code, would have been sufficient. The difficulty and sometimes utter impossibility of making specific allegations and proof in such cases was doubtless recognized by the Legislature, which enacted section 7437 to meet this apparent defect inherent in the general embezzlement statutes of the Criminal Code.

Where a statute makes it an offense to do this, that, or the other of several things, disjunctively, the whole may be charged as one offense, conjunctively, and the defendant may be found guilty of any one. Fulkerson v. State, 17 Okla. Cr. 103, 189 Pac. 1092. Middleton v. State, 16 Okla. Cr. 320, 183 Pac. 626. Adams v. State, 5 Okla. Cr. 352, 114 Pac. 349. State v. Brown, 10 Okla. Cr. 52, 133 Pac. 1143. Cole v. State, 15 Okla. Cr. 361, 177 Pac. 129. 14 R. C. L. 188.

It is contended by counsel for defendant in error that it is necessary to allege and prove that the money was taken fraudulently, citing Buckles v. State, 5 Okla. Cr. 109, 113 Pac. 244, and Blake v. State, 12 Okla. Cr. 549, 160 Pac. 30, L. R. A. 1917B, 1261. Neither case supports the claim made. This statute, section 7437, R. L. 1910, was amended in 1909 to meet the objection pointed out by Justice Furman in the Buckles Case, that the statute as it then stood was void for uncertainty. In the Blake Case, as in this case, there was an averment in the information that there was an unlawful appropriation, not in the lawful execution of his trust as clerk. This is a sufficient allegation of the felonious taking, but the proof in that case showed that the clerk had not misapplied the fund in controversy and was at all times ready to pay the same to the judgment

creditor to whom it belonged, a situation entirely different from the one here at issue.

Our conclusions in this case are not in conflict with the former decisions of this court in McDaniel v. Brown, 16 Okla. Cr. 149, 180 Pac. 156, and Warner v. Mathews, 11 Okla. Cr. 122, 143 Pac. 516. In both those cases the prosecution was for specific sums of money less than $20. In each case it was claimed that the information charged embezzlement under the general Penal Code, section 2243, R. L. 1910, as follows:

"Any sheriff, coroner, clerk of a court, constable or other ministerial officer, and any deputy or subordinate of any ministerial officer who either:

"First. Mutilates, destroys, conceals, erases, obliterates or falsifies any record or paper appertaining to his office, or,

"Second. Fraudulently appropriates to his own use or to the use of another person, or secretes with intent to appropriate to such use, any money, evidence of debt or other property entrusted to him in virtue of his office—

"Is guilty of felony."

The court very properly pointed out that, where there is a general statute defining an offense and prescribing a punishment and also a specific statute covering the same offense, the specific statute should be invoked, pursuant to section 2092, R. L. 1910, supra. In this connection it was pointed out in these two cases that the offense came properly within the purview of the specific offense, as defined in section 3213, supra. In neither of these opinions was any mention made of section 7437, also a specific statute, which might have been invoked at the election of the county attorney, under the statutory rule that, where an act or omission is punishable in different ways under differ-

ent penal statutes, the offense may be prosecuted under either statute, subject, of course, to the statutory provisions relating to general provisions of the Penal Code and special provisions relating to the same subject.

Finally, defendant in error complains that because the court when he sustained the demurrer to the information, failed to order the county attorney to file another information against him for the same offense, this prosecution as to him was at an end, and that the appeal here is a mere moot question upon the points of law involved. The record discloses that it was the opinion of the trial judge that a new or amended information should be filed, but that he failed at that time to make such an order. Eight days later, upon notice to the defendant in error and his counsel, and at the same term of court, the court amended or modified his order previously made, and directed the county attorney to file another information against the defendant. Ordinarily the order should be made at the time the court sustains the demurrer to the original information, but it is a well-established rule, in criminal as well as in civil cases, that where the judgment of the court remains wholly unsatisfied the court has inherent power to modify its judgments and orders during the term. This was the rule at common law, and by our statute, section 5543, R. L. 1910, it is provided that:

"The procedure, practice and pleading in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law."

See Ex parte Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840; 8 R. C. L. "Criminal Law," § 246.

The judgment of the trial court, sustaining the demurrer, is reversed with instructions to the county attorney to file an-

other information, similar in form and substance to the information first filed, under the provisions of section 7437, R. L. 1910, or, if he so elects, he may proceed under section 3213, R. L..1910, as may to him seem expedient. If proof of an implied or actual personal conversion cannot be established, but it can be shown that the accused failed to report and pay over funds, as provided by law, the prosecution should be under section 3213; otherwise, he should proceed under section 7437.

DOYLE, P. J., and MATSON, J., concur.