(125 So. 687)

## ENGLAND v. STATE. (5 Div. 771.)

Court of Appeals of Alabama. Jan. 14, 1930.

362

Will O. Walton, of La Fayette, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ■ When the state was examining its first witness, who was the party from whom the automobile alleged to have been stolen or embezzled was taken, the question was asked: "Who did you let have it?" The answer was: "John Douglass." The defendant objected to this testimony, and the court said: "He can't do it all at once. 'When a party aids and abets another, he is as guilty." If there had been no other evidence connecting this defendant with the automobile, the ruling of the court would have been error; but as the case proceeded there was abundant evidence tending to prove, and from which the jury might infer, that defendant aided and abetted John Douglass, either in stealing or embezzling the automobile. As stated by the court, a party cannot be required to make out his whole case at one time. He introduces facts which sometimes appear irrelevant. If connected, such facts are legal; if not, they must be excluded.

■■ The evidence in this case tended to prove that one John Douglass came into the possession of the automobile in question by virtue of a loan from one Stanford Williams, and that Douglass was by reason of such loan the bailee for Williams. That the loan to Douglass was for a particular purpose, after which the automobile was to be returned to Williams. Douglass did not return the automobile, but in company of defendant used it to travel some 15,000 miles. There can be no doubt that Douglass was either guilty of larceny or embezzlement, dependent upon conclusions reached by the jury from the evidence. If, then, Douglass was guilty, the question would immediately arise as to the guilty participation in the crime by this defendant. If defendant aided and abetted, he would be equally guilty with Douglass; therefore any evidence tending to establish the guilt of Douglass would be material and relevant.

■ The law of embezzlement is correctly stated in McGilvary v. State, 17 Ala. App. 588, 87 So. 409. But that statement in no way conflicts with the law relative to aiding and abetting crime. As to that phase of the case, it was relevant to show how far Douglass and defendant had run the car; what use it was being put to during the time they were gone with it; that it was used in hauling stolen merchandise; that, when Douglass and defendant were arrested in the car, it was filled with various items of merchandise. In fact, any testimony tending to prove the use to which the car was put during the long ride through the West, and what the parties did en route, would be relevant as tending to prove that this defendant was at least particeps criminis.

■■ It was also relevant to prove that the goods in the car, when found in possession of

Douglass and defendant, were stolen, and from whom and when, and, if there was technical error in refusing to exclude the testimony of Houston and to what he did with the goods taken from the car, such ruling was without injury.

The various citations of authority by appellant are not in conflict with the foregoing.

We find no prejudicial error in the rulings of the court, and the judgment is affirmed.

Affirmed.