## STATE v. VIRGIL HARRIS et al.

No. A-7430.  Opinion Filed May 17, 1930.
(288 Pac. 385.)

F. M. Dudley, Co. Atty., and John M. Thompson, Asst. Co. Atty., for the State.

Brown & Brown, S. A. George, and John L. Hodge, for defendants in error.

CHAPPELL, J.    On the 10th day of October, 1928, a grand jury, duly convened in the district court of Carter county, returned an indictment against the defendants, of which the following is the charging part:

"* * * on or about the 24th day of October, in the year of our Lord one thousand nine hundred and twenty-seven, the defendant, Virgil Harris and W. L. Alexander, did

commit the crime of embezzlement, in the manner and form as follows, to wit:

"That the said Virgil Harris, in the county and state aforesaid, on or about the 24th day of October, 1927, was the duly appointed, qualified and acting deputy county treasurer of Carter county, state of Oklahoma, and as such deputy county treasurer was charged and entrusted with the collection, receipt, safekeeping, transfer and disbursement of all public money belonging to the said county of Carter, state of Oklahoma, and to divers persons, firms, corporations, to the grand jurors unknown, and of all other funds, property, bonds, securities, assets, or effects of any kind received, controlled, or held by him by virtue of his said office of deputy county treasurer for safe keeping, transfer, and disbursement, and that the said Virgil Harris as such deputy county treasurer, and acting, charged and entrusted as aforesaid, was entrusted and charged with, and did in said county and state aforesaid on or about the 24th day of October, 1927, receive, have and hold in his possession and under his control, by virtue of his said office, and for the purpose aforesaid, certain public funds and other funds, property, bonds, securities, assets, and effects by him received and collected as such deputy county treasurer for taxes and for other purposes, and from various sources provided by law and to the grand jurors unknown, and which public money and other funds, property, bonds, securities, assets and effects were received and held by him for the said county of Carter, state of Oklahoma, and municipal and corporate subdivisions of said county and divers persons, firms, and corporations to the grand jurors unknown in large sums but the exact amount thereof being to the grand jurors unknown; that the said Virgil Harris and W. L. Alexander on or about the 24th day of October, A. D., 1927, in said county of Carter, state of Oklahoma, and the said Virgil Harris then and there being and then and there acting as such deputy county treasurer, and then and there being so charged and trusted with the control, disbursement, receipt, safekeeping and transfer of said public money, funds, property, securities, assets, bonds and effects aforesaid

then being in his possession by virtue of his said office for safe-keeping, transfer and disbursement, did then and there acting together, unlawfully, willfully, wrongfully and feloniously convert and appropriate to their own use and benefit, and to a use and purpose not in the lawful execution of the aforesaid trust of him the said Virgil Harris, deputy county treasurer, Carter county, Okla., a part of said public money and funds, property, bonds, securities, assets, and effects received, controlled, and held by and entrusted to him the said Virgil Harris as such deputy county treasurer by virtue of his said office, towit: the sum of and to the amount of and of the value of $1,-069.18, a more particular description of which is to the grand jurors unknown. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

On the 5th day of November, 1928, the defendants in open court each waived arraignment, and each entered their separate pleas of "not guilty" to the indictment aforesaid. On the 5th day of February, 1929, the defendants were granted leave by the court to withdraw their pleas of "not guilty," and their counsel dictated into the record demurrers to said indictment, alleging that the indictment does not state sufficient facts against either of defendants to state a cause of action. The demurrers were by the court sustained. Thereupon the state reserved a question of law for appeal, and gave notice in open court of its intention to appeal said cause to this court. Due notice of appeal was duly served, and in due time the appeal was docketed in this court. The state alleges that the court erred in sustaining said demurrers.

The defendants were informed against under section 9781, C. O. S. 1921, which provides as follows:

"If any county treasurer, or other officer or person charged with the collection, receipt, safekeeping, transfer or disbursement of the public money, or any part thereof,

belonging to the state or to any county, precinct, district, city, town or school district of the state, shall convert to his own use or to the use of any other person, body corporate or other association, in any way whatever, any of such public money, or any other funds, property, bonds, securities, assets or effects of any kind received, controlled or held by such officer or person by virtue of such office or public trust for safekeeping, transfer or disbursement, or in any other way or manner, or for any other purpose; or shall use the same by way of investment in any kind of security, stocks, loan property, land or merchandise, or in any other manner or form whatever; or shall loan the same, with or without interest, to any person, firm or corporation, except when authorized by law; or if any person shall advise, aid, or in any manner knowingly participate in such act, such county treasurer, or other officer or person shall be deemed guilty of an embezzlement of so much of said money or other property, as aforesaid, as shall be converted, used, invested, loaned or paid out as aforesaid; and upon conviction thereof, such county treasurer or other officer or person shall be sentenced to imprisonment in the penitentiary at hard labor for a term of not less than three years nor more than twenty-one years, and also to pay a fine equal to double the amount in money or other property so embezzled as aforesaid; which fine shall operate as a judgment lien at law on all the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the person whose money or other funds or property as aforesaid shall have been so embezzled; and in all cases such fines, so operating as a judgment, shall be released or entered as satisfied only by the person in interest, as aforesaid."

The defendant Virgil Harris, one of the defendants named in the indictment, was a deputy in the office of the county treasurer of Carter county, and was therefore a public officer within the meaning of section 9781, C. O. S. 1921. Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18, 19.

In the case of State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, this court had under consideration the precise question raised by the defendant Harris. The information in the case at bar is practically in the identical language of the information in State v. Bunch, supra. In that case the court held that the information was sufficient to charge the crime of embezzlement under section 9781, C. O. S. 1921. It was error, therefore, for the court to sustain the demurrer of the defendant Virgil Harris to such indictment.

The defendant W. L. Alexander was not a public official, but, according to the information brought to the attention of the grand jury that found the indictment, he assisted the said Virgil Harris in misappropriating, converting, and embezzling the public moneys mentioned in the indictment. The question of law reserved by the state is, Are the allegations as set forth in the indictment sufficient to allege the crime of embezzlement by the said Alexander under section 9781, supra? That part of the section which applies to the defendant Alexander is as follows:

"* * * Or if any person shall advise, aid, or in any manner knowingly participate in such act, such county treasurer, or other officer or person shall be deemed guilty of an embezzlement of so much of said money or other property, as aforesaid, as shall be converted, used, invested, loaned or paid out as aforesaid."

Section 1521, C. O. S. 1921, provides as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Section 2574, C. O. S. 1921, provides as follows:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

Section 9781, supra, was section 7437, Revised Laws of 1910. In Davenport v. State, supra, this court, after setting out section 7437 verbatim, said:

"The Legislature unquestionably had the power to enact that the malfeasance of officers intrusted with public property and money as set forth in the section quoted should constitute the crime of embezzlement, and that any person advising, aiding, or in any manner knowingly participating therein is guilty of the same crime. Therefore, in determining whether or not the information states an offense, we must look to this particular legislative enactment, and not to the law relating in general to embezzlement. An indictment or information which sets out the elements of the offense as comtemplated in the foregoing statute and in substantial compliance with the language of the section would be sufficient."

Both defendants contend that the indictment is fatally defective because it does not allege fraudulent intent. This contention might be disposed of upon the proposition that the words, "acting together, unlawfully, willfully, wrongfully and feloniously convert and appropriate to their own use and benefit, and to a use and purpose not in the lawful execution of the aforesaid trust of him, the said Virgil Harris, deputy county treasurer," sufficiently allege the fraudulent intent; but, since there are other indictments pending with similar charges, we will

dispose of the question of whether or not it is necessary to allege and prove any fraudulent intent.

Embezzlement was not a crime at common law, but is a crime defined by statute, and the Legislature may declare what acts constitute the crime of embezzlement and fix the punishment therefor. Under proper averments, the definition of embezzlement as found in section 6357, C. O. S. 1921, may be considered an aid in defining embezzlement under the provisions of section 9781, supra. Both of these statutes are specific in their nature and not a part of the General Criminal Code. Hays v. State, 22 Okla. Cr. 100, 210 Pac. 728.

Sections 6357 and 9781, supra, are specific statutes within the meaning of section 1509, C. O. S. 1921, providing that specific penal statutes shall govern against general provisions of the Penal Code. As between specific statutes prescribing different penalties for any offense, the state may elect to try an offender under either statute. State v. Bunch, supra.

To sustain a conviction under section 9781, supra, it must be shown that there was a private personal appropriation of the funds or an appropriation not in keeping with his official trust. Where an offense is complete irrespective of a criminal intent, no averment of intent need be inserted. 20 C. J. 475; 15 Cyc. 513; State v. Trolson, 21 Nev. 419, 32 Pac. 930, 932; State v. Reynolds, 65 N. J. Law, 424, 47 A. 644.

In State v. Trolson, supra, that court said:

"The offense consists in the violation of the law, not in the intent or motive by which the party was actuated."

In the case at bar it was sufficient to charge the offense of embezzlement in the language of the statute or

substantially in such language. Since section 9781, supra, does not require any intent, but makes the officer intrusted with the funds coming into his hands for safekeeping, transfer, or disbursement, or in any other way or manner or for any other purpose, or any one who advises, aids, or participates in the conversion, using by way of investment, or loaning of such funds, guilty of embezzlement, it is sufficient to charge such acts in the language of the statute and to prove that such funds were converted or used by way of investment or loaned, and that the conversion, investing, or loaning was participated in by the defendants. Under the authorities cited, the indictment was sufficient to charge an offense not only against the defendant Harris, but also against the defendant Alexander.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.