# J. C. DODD v. STATE.

No. A-7998.   Aug. 28, 1931.
Rehearing Denied Nov. 21, 1931.
(5 Pac. [2nd] 181.)

W. L. Ratliff and W. E. Utterback, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed. Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Johnston county of embezzlement, and his punishment fixed by the jury at a fine of $24,000 and imprisonment in the state penitentiary for a period of three years.

Defendant was jointly charged with Anna L. Campbell, Charles L. Hulsey, Mrs. J. W. Hopkins, J. T. Gardner, and W. P. Cottrell, with the embezzlement of $12,000 of the sinking funds of school district No. 29, in Johnston county, and on the 8th day of November, 1929, the state proceeded with the trial of the defendant. Thereafter, and on the 25th day of November, 1929, the state proceeded with the trial of the case against W. P. Cottrell, which resulted in a verdict of guilty.

The evidence in this case is practically the same as in Cottrell v. State, 52 Okla. Cr. 375, 5 Pac. (2d) 178. For a full statement of the facts, see that case.

The defendant, testifying for himself, made admissions which makes the case stronger against him, if possible, than against Cottrell. The defendant's testimony only attempted to show that he did not commit the acts with a felonious intent, because he had consulted a lawyer prior to the transaction and was advised that it was legal.

Defendant contends first that the court erred in overruling his motion for a new trial for the reason that the evidence was insufficient to support the verdict of the jury.

There is no merit in this contention.

Defendant next contends that the court erred in giving to the jury instructions Nos. 3, 4, 5, and 6.

An examination of the instructions complained of discloses that, while they are informal, somewhat complicated, and not artistically drawn, yet, in substance, they correctly state the law of the case and are as favorable to the defendant as the facts would warrant.

Finally, defendant contends that the court erred in refusing to give instructions Nos. 1, 2, and 3 requested by him.

Requested instruction No. 1 told the jury that they must find the defendant not guilty because there was a fatal variance between the allegation in the information and the proof.

Requested instruction No. 2 told the jury that there was evidence that the defendant had consulted counsel, and that they were to consider such evidence for the purpose of showing intent, and that before they could convict they must find that he entertained a criminal intent in the matter.

Requested instruction No. 3 was of like import.

Defendant's contention under requested instruction No. 1 is disposed of in Fulkerson v. State, 17 Okla. Cr. 103, 189 Pac. 1092.

Defendant's contention under requested instructions Nos. 2 and 3 is disposed of in Hays v. State, 22 Okla. Cr. 99, 210 Pac. 728; State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093; State v. Harris, 47 Okla. Cr. 344, 288 Pac. 385.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without substantial merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.