## WOOD v. STATE.

No. A-11255.    Jan. 24, 1951.

(227 P. 2d 424.)

Gordon W. Coker, Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Edwin Malcum Wood, defendant below, was charged by information in the district court of Tillman county, Oklahoma, with the crime of embezzlement. The crime was alleged to have been committed against the Bell Oil & Gas Company in Grandfield, Oklahoma, in the aforesaid county, on December 2, 1948. More particularly the information charged that on said date and at said Bell Oil & Refinery plant in Grandfield, Oklahoma, the said defendant, "did aid and abet and assist one Brit Harvey to unlawfully, wilfully and feloniously embezzle, convert and appropriate 150 gallons of ethyl gasoline and 101 gallons of kerosene, and 53 gallons of bronze gasoline of the value of $46 to his own use and purpose, and to a use and purpose not in the due and legal execution of the trust association existing between Brit Harvey and the Bell Oil and Gas Company." The defendant was tried by a jury, convicted, and his punishment was fixed by said jury at a fine of $50. Judgment and sentence was entered in accordance with the jury's verdict, from which this appeal has been perfected.

Briefly, the facts are that Brit Harvey was in charge of the loading and dispensing dock for the Bell Oil & Gas Company at Grandfield, Oklahoma, on the day and time herein involved. Only gasoline refinery products were sold by him. It was his duty to prepare a bill of lading,

or sales manifest evidencing each individual sale. These manifests were entered in numerical order, as the sales were made, showing, among other things, the name of the purchaser, the amount and the conditions of the sale whether for cash or credit. The company had observed from time to time a shortage of money and recorded sales with the amount of gasoline being dispensed. The company officials thus being suspicious were on the watch for what they believed to be an embezzlement of company property. During the tour of duty for Brit Harvey on December 2nd, Mr. Kenneth Pace, superintendent of the Bell Oil & Gas Refinery at Grandfield, Oklahoma, observed what proved to be the defendant Wood's truck pull up to the dock and load with ethyl gasoline, kerosene and bronze gasoline. He observed that Harvey got into the cab of the Wood's truck at the beginning of the transaction. Thereafter, when the truck was loaded they went into the office, as though for the purpose of making a manifest. Then Wood drove away with the gasoline, etc. Mr. Pace then went to the manifest machine to see if there had been a record of the sale made and observed that there was none. The upshot of this investigation led to the arrest of the defendant Wood, and his signed confession. In the confession he related that Harvey informed him, "give me $25.00 and I will fill you up and you can drive away," all of which Wood said he did do. Further investigation revealed that during Harvey's tour of duty the company lost a total of 315 gallons of refinery products, unaccounted for on the manifest machine. In substance, the foregoing constitutes the essential facts herein.

The defendant was charged herein under the provisions of Title 21, § 1456, O.S.A. 1941, reading as follows, to wit:

"If any clerk or servant of any private person or co-partnership or corporation, except apprentices and persons within the ages of eighteen years, fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of any other person which has come into his control or care by virtue of his employment as such clerk or servant he is guilty of embezzlement."

An aider and abettor is defined under the provisions of Title 21, § 172, O.S.A. 1941, reading in substance as follows, to wit:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

The defendant raises two questions both of which can be disposed of at the same time. First, he contends that under the law it was necessary for a valid conviction of the defendant Wood, that it be established that he occupied some relationship of trust or confidence toward the Bell Oil & Gas Company, and had in his possession some property of the Bell Oil & Gas Company which he converted to his own use and benefit, in violation of the trust reposed in him. Second, he contends that if he prevails in the first contention, then it was error for the court to refuse his requested instruction, in keeping with his first contention.

In resolving these issues it is not necessary to cite and distinguish the cases relied on by the defendant in support of his contention. To do so would serve no useful purpose in light of the foregoing controlling statutes, analogous statutes and the construction placed thereon by this court. It is clear that the provisions of § 172,

Title 21, O.S.A. 1941, supra, if ignored in its clear applicability to situations such as confronts us herein, would do violence to the ends of justice, and the clear expressed legislative intent contained in said statutes. Moreover, it would open an avenue of escape for those who aided or abetted one in the embezzlement of his employer's property. We are not in the slightest constrained to make this court an ally to such procedure. To hold otherwise would make of one who aided and abetted another in the embezzlement of his employer's property, a party to a debtor and creditor relationship only and completely ignore the manifest meaning reflected in the true position of an aider and abettor. The relationship, as contended for by the defendant, might be that only of debtor and creditor were it not for the plain provisions of Title 21, § 172, O.S.A. 1941, supra, for he would not be capable of committing the offense himself if it were not for the provisions of Title 21, § 172, supra, there being no relationship of trust and confidence arising from the aider or abettor's employment. Hence, in such situation as confronts us herein, the specific provisions of Title 21, § 1456, O.S.A. 1941, supra, and the general provisions of Title 21, § 172, O.S.A. 1941, supra, must be construed together. In no other way can the legislative intent be effected. A comparable situation to the one herewith presented is that of a prosecution instituted against a person aiding and abetting a public official in an embezzlement defined by special statutes of public funds. This court has held under such conditions the aider or abettor may be charged under the provisions of the statutes as a principal to such an embezzlement. Hutchman v. State, 61 Okla. Cr. 117, 66 P. 2d 99, wherein this court discussed a situation where the defendant was

charged with having aided and abetted a public official in comitting an embezzlement. Therein this court said, 61 Okla. Cr. at page 127, 66 P. 2d at page 103:

"The contention of defendant, in his reply brief, that a distinction should be made as to a person who aids, abets, and knowingly participates with the officer charged by law with the safe-keeping of public funds and the officer himself who participates in the embezzlement of public funds was carefully considered by this court in the case of State v. Harris, supra [47 Okla. Cr. 344, 288 P. 385]. Under our statute, all persons concerned in the commission of crime, whether it be felony or misdemeanor and whether they directly committed the act constituting the offense or aided or abetted in its commission though not present, are principals, and sections 2574, C.O.S. 1921 (22 Okla. St. Ann. § 432), provides that all distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present at the time of the commission of the crime are principals. The evidence here shows a concerted action, or acting together, by the county treasurer and the defendant. There can be no question that under the statute the defendant aided, abetted, and assisted the county treasurer of Craig county in the sale and disposal of bonds which had come into his hands as a public official for safe-keeping. Not only does the evidence show this, but it shows the proceeds of said bonds went into the hands of defendant and the record does not disclose that these funds were ever returned to the county."

We can see no reason why the situation should be any different in the case of one who aided an embezzler employed by a public corporation, and one who aided an embezzler employed by a private corporation. The principle in applying the statutes in either case is identically

the same. See, also, in this connection Cottrell v. State, 52 Okla. Cr. 375, 5 P. 2d 178; Dodd v. State, 52 Okla. Cr. 385, 5 P. 2d 181, and People v. Little, 41 Cal. App. 2d 797, 107 P. 2d 634, 108 P. 2d 63. We are not alone in this conclusion. In People v. Zimmer, 23 Cal. App. 2d 581, 73 P. 2d 923, under similar statutes as herein involved the California court held:

"Conviction of defendant as a principal for grand theft for having conspired and co-operated with corrupted bank employees to fraudulently appropriate funds of the bank, by a scheme of cashing worthless checks, was authorized, although defendant could not have been guilty of embezzling funds not intrusted to his care if acting alone."

See also to the same effect People v. Foster, 79 Cal. App. 328, 249 P. 231; People v. Fronk, 82 Cal. App. 465, 255 P. 777; State v. Smith, 2 Wash. 2d 118, 98 P. 2d 647; Gibbs v. State, 37 Ariz. 273, 293 P. 976, 977, 74 A.L.R. 1105, wherein it was held that one who aided and abetted an embezzler from a private corporation was properly charged as a principal. In so holding the Arizona court said:

"His assignments 1, 2, 3, 4, 5, and 8 are directed at the sufficiency of the information. The point made is that the information fails to show that defendant Gibbs sustained any fiduciary relation to the Calumet & Arizona Mining Company, and that, under the statute, section 4765 of the Revised Code of 1928, such relation must exist before the party can embezzle property.

"That such is the law we believe to be well settled. Phelps v. State, 25 Ariz. 495, 219 P. 589. This provision of the law, that a trust relation must exist, we think must be construed in connection with section 4491, Revised Code of 1928, which abolishes the distinction between accessories before the fact and the party who actually commits the crime. That section provides that all per-

sons concerned in the commission of a crime, whether it be a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, are principals in any crime so committed.

"The information charges that defendant Gibbs did aid, abet, advise, and encourage Barker to commit the crime, and he is, therefore, if anything, a principal. In the annotation to Quillin v. State, 5 A.L.R. 773, at page 782 (79 Tex. Cr. R. 497, 187 S. W. 199), is found this statement: 'There are some offenses which are so defined by statute or by the common law that they may be committed only by certain persons or classes of persons. Nevertheless, a person who is not within the class of those by whom the crime may be directly perpetrated may, by aiding and abetting a person who is within the scope of the definition, render himself criminally liable.'

"This statement is well sustained by cases from many jurisdictions. While the definition of the crime of embezzlement confines the offense to fiduciaries and the like, a person not within that category may be convicted of aiding or abetting the commission of the crime. Bishop v. State, 118 Ga. 799, 45 S. E. 614; State v. Rowe, 104 Iowa 323, 73 N. W. 833; State v. McCartey, 17 Minn. 76 (Gil. 54); Brown v. State, 18 Ohio St. [496], 497; Mills v. State, 53 Neb. 263, 73 N. W. 761; Quillin v. State, supra. We think, when the provisions of the criminal statutes are construed together, it is apparent that one may, by aiding, advising, and counseling the commission of a crime, become a principal in such crime, even though he could not under the statute have committed the offense himself. * * *

"* * * Under the evidence Barker was in charge of the storeroom where the cement was stored. It appears that defendant Gibbs ordered cement from the Calumet & Arizona Mining Company at least five different times. * * *

"The plan or scheme adopted by Barker and defendant was: When one of these orders called for, say, 20 sacks of cement, to charge Gibbs with that many sacks, but deliver to him an excess number. Such excess over and above the amount of the orders and requisitions actually passing through the hands of the mining company amounted, according to the allegations of the information, to 105 sacks, of the value of about 90 cents per sack. Defendant contends that there was no evidence except that of Barker, an admitted accomplice, that he received such excess cement, and that there is no other evidence tending to connect the defendant with the commission of the offense charged. There was, however, ample evidence of the delivery of this excess by several witnesses who actually transferred it from the warehouse to the place where defendant was constructing a garage."

It thus appears that the identical contention herein advanced was likewise presented in Gibbs v. State, supra. Further see England v. State. 23 Ala. App. 361, 125 So. 687, and State v. Nahoum, 172 La. 83, 133 So. 370, 371, wherein it was said:

"One who cannot himself embezzle corporation's funds, but acts with and aids or abets officer or employee of corporation in committing such offense, is guilty thereof as principal."

Under the foregoing statutes and authorities it is apparent that the defendant's first contention is without merit. His second contention being predicated upon his first proposition, it too falls. The defendant herein is most fortunate under the conditions to escape so lightly. Such beneficence could only be had at the hands of a merciful jury having regard to his youth and lack of experience. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.